# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARRETT NELSON, | : | |
| Plaintiff | : | CIVIL ACTION |
| v. | : | No. 19-cv-1452 |
| | : | |
| TARGET CORPORATION, | : | |
| Defendant | : | |

MCHUGH, J.                                                                                                        May 17, 2019

### MEMORANDUM

This is an employment action removed from state court. The complaint does not expressly invoke a federal statute, but the nature of the allegations, coupled with Plaintiff's filing of a charge with the Equal Employment Opportunity Commission (EEOC), lead me to conclude that it involves Title VII. But because Plaintiff filed this action without first exhausting administrative remedies, this suit is premature. I will therefore dismiss this action, but do so without prejudice and without addressing the merits.

### I. Factual and Procedural Background

On March 1, 2019, Plaintiff Garrett Nelson filed a civil complaint against Defendant Target Corporation, his former employer, in the Court of Common Pleas of Philadelphia County, Pennsylvania. Plaintiff made the following allegations in the Court of Common Pleas Complaint: Plaintiff requested a schedule accommodation from his supervisor following a custody hearing in which he received court-ordered visitation with his daughter during hours that conflicted with his work schedule. Plaintiff's supervisor denied his request and stated that "she has a business to run she cannot be concerned about my custody issue and if I couldn't work the hours that are designated to me, I don't need to work." Plaintiff's supervisor denied the schedule

accommodation even though Plaintiff had identified a coworker who would be willing to switch shifts with him. Plaintiff's supervisor also made the following statement to him: "don't know whether the issue with you is personal or cultural." Plaintiff was purportedly shocked, hurt, and rendered speechless by this "racially inappropriate statement," which had "undertones of racism." Target allegedly did not deny schedule accommodations to several other employees.

Four weeks later, on March 31, 2019, Plaintiff Garrett Nelson filed a charge of discrimination with the United States Equal Employment Opportunity Commission against Defendant. Plaintiff made the following allegations in the EEOC charge: Plaintiff requested a schedule accommodation from his supervisor, having identified a coworker who would be willing to switch shifts with him. Plaintiff's supervisor denied the request and said to Plaintiff that she didn't "know whether or not the issue with you is personal or cultural." After this conversation, Plaintiff requested transfer to another Target store but his request was denied. Plaintiff wrote a letter to Target's Human Resources Division regarding this issue on November 13, 2018. Target terminated Plaintiff four days later, on November 17, 2018. Target allegedly discriminated against Plaintiff on the basis of his race (Black), national origin (Hispanic), and religion (Muslim), in violation of Title VII of the Civil Rights Act of 1964. Target allegedly did not deny schedule accommodations to employees outside of these protected classes.

With respect to the basis of discrimination, Plaintiff checked the following boxes in the EEOC charge of discrimination form: race, color, religion, national origin, retaliation. Defendant, assuming that Plaintiff's state court Complaint, like Plaintiff's EEOC Charge of Discrimination, sought to assert a claim for race discrimination/disparate treatment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.*, removed to this Court under 28 U.S.C. § 1331 and 1441. Defendant then filed this Motion to Dismiss.

## II. Discussion

Defendant raises two arguments: (1) that Plaintiff fails to state a claim, and (2) that Plaintiff failed to exhaust his administrative remedies. Plaintiff, proceeding *pro se*, has not responded. I will not delay in ruling, however, as it is clear I must dismiss Plaintiff's Complaint as premature, such dismissal being without prejudice.

I am persuaded that Plaintiff is asserting a Title VII claim for three reasons. First, although Plaintiff's Complaint does not refer to any statute or legal cause of action, it raises claims of retaliation and disparate treatment/failure to accommodate in employment on the basis of race, religion, and national origin and thereby appears to invoke the protections of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq*. Second, Plaintiff mirrored the assertions he made in his state court complaint in his EEOC Charge of Discrimination—and Plaintiff explicitly invoked Title VII in his EEOC charge. This Court has previously looked to plaintiffs' EEOC charges of discrimination in deciding motions to dismiss. *See, e.g.*, *Fugarino v. Univ. Servs.*, 123 F. Supp. 2d 838, 841 n. 1 (E.D. Pa. 2000) ("Although generally courts may not look beyond the complaint in deciding a motion to dismiss under Rule 12(b)(6), they may do so to examine matters of public record referenced or incorporated in the complaint. Because Plaintiff's EEOC charge of discrimination meets these criteria, we may properly consider it."); *Shannon v. City of Philadelphia,* 1999 WL 126097, at *2 n. 3 (E.D. Pa. Mar.5, 1999) (considering EEOC charge and right to sue letter in an ADA case). Third, Plaintiff did not contest Defendant's removal to federal court—removal which rested on this Court's Title VII federal question jurisdiction.

I now consider whether Plaintiff has properly brought suit under that statute. Title VII establishes administrative remedies and procedures that claimants must exhaust *before* bringing a

civil action in court.  *See* 42 U.S.C. § 2000e-5; *see also Anjelino v. New York Times*, 200 F.3d 73, 87 (3d Cir. 1999) (requiring exhaustion of administrative remedies as a prerequisite to bringing a Title VII suit); *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) (same).

"The relevant test in determining whether a plaintiff was required to exhaust her administrative remedies is whether the acts alleged in the subsequent suit are fairly within the scope of the prior administrative charges or the investigation(s) arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996).  Here, Plaintiff's state court complaint outlined acts identical to those asserted in the EEOC charge.  Both the Complaint and the EEOC Charge delineate the same underlying acts:  denial of a schedule accommodation on an improper basis when accommodations were not denied others, and the same supervisor comment with purported racial undertones ("[I] don't know whether the issue with you is personal or cultural.").  These alleged acts are not only "fairly within the scope" of the EEOC administrative charge, they are identical.  Consequently, Plaintiff was required to exhaust his administrative remedies *before* filing suit.

He did not do so, as the EEOC charge was filed four weeks *after* he brought suit.  And the EEOC investigation remains ongoing.  In fact, Defendant's response to EEOC inquiries is not even due until this month.

Exhausting the EEOC administrative process "provide[s] courts with the benefit of the agency's expertise, and serve[s] judicial economy by having the administrative agency compile the factual record.").  *Anjelino*, 200 F.3d at 87; *see also Bihler v. Singer Co.*, 710 F.2d 96, 99 (3d Cir. 1983) (abrogated on other grounds).

Plaintiff must allow the administrative process to come to a conclusion.  Only then may he file suit.

**III.     Conclusion**

For the foregoing reasons, I will dismiss Plaintiff's Complaint without prejudice.  An appropriate Order follows.

/s/ Gerald Austin McHugh
United States District Judge
